PER CURIAM.
The appellant was indicted for first degree murder and tried before a jury. At the trial, appellant was represented by a court-appointed attorney. Appellant was found guilty with recommendation of mercy and was sentenced to life imprisonment.
Appellant was sentenced on July 9, 1971. He immediately began filing a series of motions claiming violation of constitutional rights. On October 30, 1972, appellant filed the motion to vacate judgment and sentence with which we are here concerned. The motion was considered by the trial court and denied. The trial court found:
* * * * * *
“Defendant was tried, convicted and sentenced by this Court. He appealed and the trial court was affirmed. His Motions are based upon the allegation and ground that the jury panel from which the trial jury was selected was illegal. Petitioner has asked for a testimentary [sic] hearing on this question.
“The Court has examined the court file and finds that no appropriate challenge to the panel was made by the Defendant. Accordingly, the jury was selected in the process of which Defendant did not exercise all of the available peremtory [sic] challenges.
“It is the finding of the Court that by going to trial before a jury without any objections, a defendant waives all irregularities in drawing, summoning and empaneling of such jurors. 33 F.S.A. Rules of Criminal Procedure 3.300. State vs. Silva [Fla.] 259 So.2nd 153; . . ".
* * * * * *
Appellant has appealed and we have reviewed the record in the light of the arguments presented on appeal. We hold that the findings of the trial court are fully substantiated by the record and the law.
Affirmed.